IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 1, 2013

**IN RE JAYDEN B.-H. ET AL.**

**Appeal from the Juvenile Court for Knox County**
**No. 126935      Timothy Irwin, Judge**

_____

**No. E2013-00873-COA-R3-PT-FILED-AUGUST 21, 2013**

_____

This is a termination of parental rights case, which was heard by the trial court on January 29, 2013.  The trial court entered an order terminating the parental rights of the father, Herman H. ("Father"), on February 1, 2013.  Father did not file his notice of appeal until March 11, 2013.  Because Father's notice of appeal was not filed within thirty days of the date of entry of judgment, pursuant to Tennessee Rule of Appellate Procedure 4, it was untimely.  We must therefore dismiss Father's appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed; Appeal Dismissed.**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

Shawn Tyrell, Knoxville, Tennessee, for the appellant, Herman H.

Robert E. Cooper, Jr., Attorney General and Reporter, and Mary Byrd Ferrara, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

Allison Starnes-Anglea, Knoxville, Tennessee, Guardian _Ad Litem_.

**OPINION**

The final order terminating Father's parental rights was entered on February 1, 2013.  Father's notice of appeal was filed March 11, 2013, thirty-eight days after entry of that final judgment.  On March 12, 2013, the trial court entered another order, which states:

This matter was called to the Court's attention by members of the Knox County Juvenile Court Clerk's staff. Upon review, it became apparent to the Court that in order to avoid to [sic] a fundamental unfairness the Court should reenter this Order.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the order submitted by the Department of Children's Services in the above styled case shall be reentered by the Juvenile Court Clerk at once.

The record contains no other explanation for the entry of this second order.

Father presents issues for our review regarding the merits of the trial court's termination of his parental rights. We believe, however, that the dispositive issue in the case at bar is whether this Court has jurisdiction to entertain this appeal in light of the untimely filing of the notice of appeal. Although this issue was not raised by the Tennessee Department of Children's Services, this Court may address issues regarding its subject matter jurisdiction *sua sponte*. *U.S. Bank, N.A. v. Tenn. Farmers Mut. Ins. Co.*, No. W2012-00053-COA-R3CV, 2012 WL 5585097 (Tenn. Ct. App. Nov. 29, 2012). *See also* Tenn. R. App. P. 13(b).

Rule 4(a) of the Tennessee Rules of Appellate Procedure states, *inter alia*, that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." This time limitation is jurisdictional and mandatory in civil cases, including cases dealing with termination of parental rights. *See Albert v. Frye,* 145 S.W.3d 526, 528 (Tenn. 2004)*; First Nat'l Bank of Polk County v. Goss*, 912 S.W.2d 147, 148 (Tenn. Ct. App. 2005); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985); *see also In re Joeda J.*, 300 S.W.3d 710, 711 (Tenn. Ct. App. 2009). This Court has no authority to expand or waive the thirty-day time limitation. *See* Tenn. R. App. P. 2; *see also First Nat'l Bank*, 912 S.W.2d at 148; *Jefferson*, 699 S.W.2d at 184.

The only relief that can be granted to a party who files an untimely notice of appeal must come from the trial court, pursuant to Tennessee Rule of Civil Procedure 60. *First Nat'l Bank*, 912 S.W.2d at 148; *Jefferson*, 699 S.W.2d at 184. This relief is generally granted, however, in only the most "extraordinary" circumstances. *Id.* One example of an extraordinary circumstance warranting relief occurred when a trial court clerk failed to timely mail copies of the signed and filed order to the parties. *See Muesing v. Ferdowski*, No. 01-A-019005-CV-00156, 1991 WL 20403 at *2 (Tenn. Ct. App. Feb. 21, 1991). By contrast, ignorance or mistaken understanding of court rules, a lawyer's busy schedule, and delays caused by mailing have been ruled insufficient for the purposes of granting Rule 60 relief.

*First Nat'l Bank*, 912 S.W.2d at 149; *Kilby v. Sivley*, 745 S.W.2d 284, 287 (Tenn. Ct. App. 1987); *Jefferson*, 699 S.W.2d at 184.

In this case, the trial court granted relief to Father by reentering its previous final order terminating Father's parental rights on the day following the untimely filing of Father's notice of appeal. The record does not reflect that such relief was granted or sought pursuant to Tennessee Rule of Civil Procedure 60. The record also does not reflect that any extraordinary circumstances warranting such relief were shown. In the absence of a finding of extraordinary circumstances warranting relief pursuant to Rule 60, the trial court was without authority to reenter its earlier order, as more than thirty days had passed since entry of the final judgment. *See Muesing,* 1991 WL 20403 at *2. As this Court stated:

> A trial court's authority over a case wanes thirty days after the entry of a final order unless one of the parties has filed one of the five post-trial motions listed in Tenn. R. App. P. 4(b). After thirty days, a trial court may exercise only the powers specifically granted by rule or statute, such as (1) granting post-judgment relief pursuant to Tenn. R. Civ. P. 60, (2) granting a stay pending appeal under Tenn. R. Civ. P. 62, (3) settling disputes concerning the appellate record under Tenn. R. App. P. 24(e), and (4) approving the record in accordance with Tenn. R. App. P. 24(f).

*Id.*

Accordingly, the trial court in this case erred by simply reentering its earlier order without making the appropriate finding pursuant to Tennessee Rule of Civil Procedure 60. The trial court cannot reenter its final order solely for the purpose of making Father's notice of appeal timely. *See First Nat'l*, 912 S.W.2d at 151. Father's notice of appeal was filed more than thirty days after entry of the final judgment, and was thus untimely. As such, this Court is without jurisdiction to entertain this appeal.

The judgment of the trial court terminating the parental rights of Father is affirmed, and this appeal is dismissed. Costs on appeal are taxed to appellant, Herman H. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE