IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 3, 2014 Session

**REBEKAH SHAY TREMBLEY v. GUY DALE DUNN, II**

**Appeal from the Circuit Court for Blount County**
**No. E-20890      Tammy M. Harrington, Judge**

_____

**No. E2013-00820-COA-R3-CV-FILED-APRIL 28, 2014**

_____

This is a post-divorce action involving a modification of the defendant's child support obligation. Because the order from which the plaintiff appealed adjudicated fewer than all of the claims of the parties, it was not a final appealable order pursuant to Tennessee Rule of Appellate Procedure 3(a). We must therefore dismiss this appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed;**
**Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and D. MICHAEL SWINEY, J., joined.

Angela N. Snyder, Maryville, Tennessee, and Keith McCord, Knoxville, Tennessee, for the appellant, Rebekah Shay Trembley.

Robert L. Vogel and Rosie E. Brown, Knoxville, Tennessee, for the appellee, Guy Dale Dunn, II.

**OPINION**

I.  Factual and Procedural Background

The plaintiff, Rebekah Shay Trembley ("Mother"), filed a complaint for divorce from the defendant, Guy Dale Dunn, II ("Father"), on September 22, 2005. The parties are the parents of one child, Grace, who was sixteen months old at that time. On December 2, 2005, the parties filed an agreed temporary parenting plan, which stated that Grace's primary residence would be with Mother and that Grace would spend one weekend per month with

Father, who had relocated to Virginia. The temporary parenting plan also provided that Father would pay child support to Mother of $904.00 every other week.

On December 22, 2006, Mother filed a motion seeking a default judgment and an award of alimony and child support *pendente lite*. Father subsequently answered the complaint on January 12, 2007, denying that Mother was entitled to any relief. Concomitantly, the parties appeared with counsel and entered into an agreed interim order, which, *inter alia*, addressed the following pertinent issues as we have summarized below:

1.　　By February 15, 2007, Father would provide Mother's counsel with copies of bank statements, documentation of expenses he paid for Mother, documentation of payments made to Mother, W-2s, 1099s, income tax returns, a list of assets and debts, a statement of monthly income and expenses, and additional financial documentation. Mother was to provide the same documentation by the same date.

2.　　Mother would immediately obtain car insurance at her expense.

3.　　Father would be relieved from paying any credit cards in Mother's name.

4.　　Father would pay Mother $1,400 per month as spousal support *pendente lite* effective January 2007.

5.　　The parties would participate in mediation.

Nothing further was filed in this cause until early 2008 when Mother initiated a petition for contempt. Mother alleged that Father ceased making the $1,400.00 monthly temporary support payments in February 2008, had not provided the documentation required by the 2007 agreed order, and had not paid child support. Following the hearing regarding Mother's petition, the trial court ordered Father to provide the required documentation by February 25, 2008, and set the matter for final hearing in July 2008.

Father's counsel withdrew from the case in April 2008. A hearing was subsequently held on July 24, 2008, and the resultant order recites that Mother and her counsel appeared, as did Father and his former counsel, Brian Starnes. The trial court ruled that if Mr. Starnes intended to reappear as Father's attorney, he was to deliver a letter and proposed order explaining his re-engagement to both Mother's counsel and the court clerk. The trial court also ordered that the parties schedule mediation within three days and that Father deliver his documents to Mother's counsel and the court no less than five days prior to mediation. The

court directed that if mediation was unsuccessful, the trial would be scheduled for November 13, 2008.

An order of reinstatement of counsel was entered on September 15, 2008, but Mr. Starnes soon filed a second motion to withdraw on October 3, 2008. In his motion, Mr. Starnes reported that Father had repeatedly failed to provide all of the documentation required by the court. Counsel also noted that Father had failed to pay the balance of the mediator's fees and his attorney's fees. Mr. Starnes was permitted to withdraw as counsel on October 16, 2008, by order of the court. This order further provided that Father would immediately pay his share of the mediator's fee and that the matter remained set for trial on November 13, 2008. Mr. Starnes and the court clerk both certified that a copy of the order was mailed to Father.

The matter came to trial on November 13, 2008, but neither Father nor any counsel representing him appeared for trial. The trial court noted in the resultant order that the trial date had been set at the prior hearing on July 24, 2008, during which Father was present. Further, the trial date was reaffirmed in the second order permitting withdrawal of Father's counsel, which order was mailed to Father. The trial court thus determined that since Mother and her counsel were present and ready to proceed, the trial should go forward.

By Final Judgment of Divorce entered December 4, 2008, the trial court adjudged, *inter alia*, that Mother was entitled to a divorce on the ground of inappropriate marital conduct and designated Mother as primary residential parent of the child. Father was ordered to pay child support of $1,570.00 per month, beginning December 1, 2008. Mother was awarded a judgment against Father in the amount of $68,546.00, representing unpaid child support for the period beginning December 2005 and continuing through October 31, 2008. The court further found that Father had failed to pay any child support during that time period. Father was ordered to pay $1,000.00 per month toward that arrearage in addition to the current child support obligation. The order additionally provided that if these monthly payments were not made, Mother was entitled to exercise all available rights and remedies for enforcement and collection of child support and child support arrearages. The trial court also awarded Mother a judgment against Father for $23,730.00 for unpaid alimony *pendente lite*.

Father was adjudicated to be in contempt of court, with the trial court concluding that he had "continuously and willfully failed and refused to obey and comply with the Orders of this Court, or pay child support and support for Plaintiff." As Father was living in another state, the trial court reserved sanctions for Father's contempt until he could be found to be within the court's jurisdiction "at which time he will be subject to attachment and appropriately punished for contempt of court, or show cause why he should not be punished."

The court awarded Mother $50,000.00 for attorney's fees as additional alimony, stating in relevant portion:

> The attorney fees incurred on behalf of Plaintiff were necessary to assert, defend, and protect her rights as a needy spouse and as the mother of the minor child of the parties. The extensive time and legal services on behalf of Plaintiff was caused by, and a direct result of, the Defendant's continuing contempt of Court; the repetitive refusal to comply with the Court orders; failure to provide documents and financial information; the withdrawal of Defendant's counsel on two separate occasions; and Defendant's abuse and disregard of the judicial process. The Defendant has acted in bad faith, failed to attend hearings, and engaged in dilatory tactics which substantially increased the cost of litigation. The attorney's fees and expenses incurred on behalf of Plaintiff are reasonable given the unreasonable actions, conduct, and abuse of the judicial process by the Defendant as reflected in the record in this action which needlessly increased the time spent in this action. Plaintiff has no assets or available funds and is financially unable to pay any of the attorney fees and expenses incurred on her behalf in defending and protecting her rights in this action.

This order was entered on December 4, 2008, *nunc pro tunc* to November 13, 2008.

On February 12, 2009, Mother filed a request for a wage assignment order, asserting that Father had been ordered to pay a total of $2,570.00 per month toward current child support and the arrearage, but he had only paid $2,000.00 during the three-month period following the final judgment. The trial court entered an order of wage assignment on February 17, 2009.

This action remained dormant until May 11, 2011, when attorney Robert Vogel entered a notice of appearance as counsel for Father. Subsequently, on August 1, 2011, Father filed a petition seeking modification of the prior child support order. In support, Father asserted that his income had decreased substantially, warranting a decrease in current child support. Mother filed a motion requesting that Father's petition be stricken. Mother also filed a motion seeking an order holding Father in contempt due to his failure to make payments toward the child support arrearage as well as his failure to pay alimony and attorney's fees.

The trial court conducted a hearing on January 18, 2012. Mother's counsel postulated that Father's petition seeking a modification of his child support obligation should be stricken pursuant to Tennessee Code Annotated § 36-5-101(g)(3). This statute provides,

*inter alia*, that a court "shall not refuse to consider a modification of a prior order and decree as it relates to future payments of child support because the party is in arrears under that order and decree, unless the arrearage is a result of intentional action by the party." As argued by Mother's counsel, Father was in contempt of the court's orders and had been since the trial court's prior order of December 4, 2008, because he had never paid his obligations and purged that contempt. The court denied the motion to strike and allowed the parties to proceed with presentation of proof.

Father testified that he was not in arrears concerning his current child support obligation. Father's base salary as a managing partner with Texas Roadhouse restaurant was established to be $55,000.00 per year plus bonuses and stock awards. Father's W-2 demonstrated that his income for 2011 was $144,144.06. Of this amount, $48,157.76 was attributed to "RSU," which Father explained were restricted stock units that he received from his employer as an added performance bonus. Although, these RSU distributions were awarded on a quarterly basis, Father related that these benefits did not vest in him until his fifth anniversary with the company. Father's fifth anniversary occurred on July 26, 2011; therefore, his first five years of stock awarded vested on that date, reflecting a benefit for the year of $48,157.76. As Father explicated, from July 26, 2011, forward, his stock benefits would be awarded quarterly and vest each year. As such, Father characterized the $48,157.76 payment in 2011 as a one-time event. Father testified that he was not due to receive further salary increases, indicating that his income would only increase if the restaurant performed well. Father admitted, however, that his pay had increased rather than decreased over the last five years.

Father admitted that child support payments had been deducted from his paychecks via wage assignment since 2009. According to Father, he had paid child support in the month or two preceding the wage assignment, but he presented no proof of this claim. Father also proffered his belief that he had paid some amount toward the arrearage via wage assignment, asserting that there were occasions when more than the current child support amount had been withheld. Although Father admitted that he had not independently paid anything toward the arrearage, Father asserted that it was not his intent to refuse to pay child support.

Following a recess, the trial court announced its ruling from the bench, dismissing Mother's motion to strike. The trial court concluded that although Father was found to be in contempt of the December 4, 2008 final judgment, that judgment reserved punishment for contempt until Father returned to the jurisdiction. The judgment outlined no method for purging the contempt. The court therefore declined to dismiss Father's petition seeking a modification of his child support obligation due to Father's failure to follow the court's orders.

Regarding the child support modification, the trial court found that Father's income in 2011 was $144,144.06. The court also determined that all of the RSU value ($48,157.76) should be subtracted from Father's 2011 gross wages, thereby reducing his income to $95,986.30. The court determined that the total RSU value vesting in 2011 should be averaged over the five years in which it accrued. Under such computation, the court established Father's gross monthly income to be $7,999.00 ($95,986.30 divided by twelve months) plus $830.00 ($10,000 divided by twelve months), representing the stock award. The court thus calculated Father's gross monthly income to be $8,829.00 per month.

After imputing income to Mother of $2,253.00 per month and factoring in the cost of health insurance and child care, the trial court determined that Father's child support obligation should be $1,220.00 per month, effective retroactively to August 1, 2011. The court concluded that because Father's previous obligation was set at $1,570.00 per month, there existed a significant variance pursuant to the Child Support Guidelines. The court also found that Father maintained the ability to make payments toward his child support arrearage. After consulting with Father's counsel, the court reduced Father's arrearage payments to $250.00 per month.

Mother subsequently filed a motion to alter or amend the judgment, asserting that the trial court's ruling modifying Father's current child support obligation and arrearage payment amount contained errors. The trial court entered an order denying the motion and reserving other issues for hearing on April 15, 2013. Mother filed a notice of appeal.

## II. Issues Presented

The parties present the following issues for this Court's review, which we have restated slightly:

1.  Whether the trial court erred by finding that Father was not barred from pursuing a modification of his child support obligation based upon his child support arrearage and arrearage on other obligations imposed by the court.

2.  Whether the trial court erred by failing to find Father in contempt.

3.  Whether the trial court erred by citing the absence of purge language in the Final Judgment of Divorce as support for its denial of Mother's motion to strike and dismiss.

4.  Whether the trial court erred by modifying Father's child support arrearage payment.

-6-

5. Whether the trial court erred by dividing Father's stock income for 2011 over five years when calculating Father's income for the purpose of determining whether a child support modification was warranted.

## III. Jurisdiction

Mother presents issues for our review regarding the merits of the trial court's modification of Father's child support obligation. We believe, however, that the dispositive issue in the case at bar is whether this Court has subject matter jurisdiction to entertain the appeal in light of the fact that the order appealed from is not a final order. The order from which Mother appealed denies the motion to alter or amend but reserves other issues for further hearing regarding a potential modification of custody and co-parenting.

In its order dated March 12, 2013, the trial court states as follows:

This matter having come on for hearing on the 17th day of December, 2012 on Plaintiff's Motion to Alter or Amend and Plaintiff's Motion to Strike Defendant's Motion for Modification of Custody, this Court does hereby ORDER, ADJUDGE and DECREE:

1. Plaintiff's Motion to Alter or Amend is hereby denied.

2. The parties shall file proposed parenting plans with the Court on or before January 15, 2013.

3. All other motions and pending matters, including the other issues contained in Plaintiff's Motion to Strike Defendant's Motion for Modification of Custody, are hereby reserved until the next hearing date to take place on April 15, 2013.

An order adjudicating fewer than all of the claims, rights, and liabilities of the parties is not appealable as a final judgment, but rather is considered interlocutory and subject to revision. *See* Tenn. R. App. P. 3(a). As our Supreme Court has elucidated, "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citing *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85, 86 (Tenn. 1973)). Further, although this issue was not raised by the parties, this Court may address issues regarding its subject matter jurisdiction *sua sponte*. *See U.S. Bank, N.A. v. Tenn. Farmers Mut. Ins. Co.*, 410 S.W.3d 820, 825 (Tenn. Ct. App. 2012); Tenn. R. App. P. 13(b).

Tennessee Rule of Civil Procedure 54.02 provides:

When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. *In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.*

(Emphasis added.) Regarding Tennessee Rule of Civil Procedure 54.02, our Supreme Court has explained:

Rule 54.02 requires as an absolute prerequisite to an appeal the certification by the trial judge, first, that the court has directed the entry of a final judgment as to one or more but fewer than all of the claims, and, second, make an express determination that there is no just reason for delay. Such certification by the trial judge creates a final judgment appealable as of right under Rule 3 T.R.A.P.

*Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983). Inasmuch as the order from which Mother appealed was not a final order pursuant to Tennessee Rule of Appellate Procedure 3(a) and was not certified as final by the trial court pursuant to Tennessee Rule of Civil Procedure 54.02, we must dismiss the appeal in this matter for lack of subject matter jurisdiction. *See, e.g., Gardner v. Slagle*, 1989 WL 9540 at *2 (Tenn. Ct. App. Feb. 10, 1989).

## IV. Conclusion

This appeal is dismissed and the costs on appeal are taxed equally between the parties. This case is remanded to the trial court, pursuant to applicable law, for further proceedings.

_____
THOMAS R. FRIERSON, II, JUDGE