IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 2, 2020

## BRADLEY HARPER v. JIM HAMMOND, SHERIFF, ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 18C530  L. Marie Williams, Judge**

———————————————————

### No. E2019-01247-COA-R3-CV

———————————————————

This appeal follows the trial court's entry of an order of dismissal.  Because the notice of appeal was not timely filed, we dismiss the appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and W. NEAL MCBRAYER, JJ., joined.

Bradley Harper, Only, Tennessee, Pro se.

R. Dee Hobbs, Chattanooga, Tennessee, for the appellees, Jim Hammond and Craig Bodnar.

### MEMORANDUM OPINION[1]

This case was initiated by the Appellant Bradley Harper, a.k.a. Dane Sayles, when he filed a pro se complaint in the Hamilton County Circuit Court invoking the Tennessee Governmental Tort Liability Act.  The named defendants in Mr. Harper's action subsequently filed a motion to dismiss, arguing in a supporting memorandum that Mr. Harper's lawsuit was deficient for a number of reasons, including the fact that his claims were time-barred.  On August 14, 2018, the Circuit Court dismissed Mr. Harper's

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

lawsuit, holding that it was barred by the applicable statute of limitations.

Following the dismissal of his action, on August 30, 2018, Mr. Harper filed a motion to alter or amend. Prior to a ruling on his motion to alter or amend, Mr. Harper filed a document in the Circuit Court styled "Premature Notice of Appeal," wherein he requested that the Circuit Court order his notice of appeal to be filed should it rule against him on his motion to alter or amend. The Circuit Court later entered an order denying Mr. Harper's motion to alter or amend on October 3, 2018. Mr. Harper did not file a notice of appeal with the Clerk of this Court until July 12, 2019.

Although Mr. Harper attempts to challenge the dismissal of his case on appeal, we are unable to reach the merits of his dispute. Although the issue has not been raised by any of the parties to this appeal, we must first consider whether this Court has subject matter jurisdiction to hear the appeal. *See* Tenn. R. App. P. 13(b). Among the pertinent considerations is whether the notice of appeal was timely filed:

> This Court lacks subject matter jurisdiction to hear an appeal if the notice of appeal is not timely filed. *First Nat'l Bank v. Goss,* 912 S.W.2d 147, 148 (Tenn. Ct. App. 1995). Pursuant to Rule 4 of the Tennessee Rules of Appellate Procedure, a notice of appeal must be filed within thirty days after the entry of the judgment appealed from. Tenn. R. App. P. 4(a). If the Appellant timely files a motion under Rule 59.01 of the Tennessee Rules of Civil Procedure, however, the time for appeal runs from the entry of the order granting or denying such motion. Tenn. R. App. P. 4(b).

*U.S. Bank, N.A. v. Tenn. Farmers Mut. Ins. Co.*, 410 S.W.3d 820, 825–26 (Tenn. Ct. App. 2012). Here, Mr. Harper filed a motion to alter or amend, one of the motions provided for by Rule 59.01, and thus, the time for his appeal ran from the entry of the trial court's October 3, 2018 order denying Mr. Harper's motion to alter or amend. Clearly, his filing of a notice of appeal with the clerk of this court in July 2019 was untimely.

Ostensibly, Mr. Harper has attempted to rely on the "premature" notice of appeal he filed in this case. That filing expressly noted, as is accurate, that Rule 4(d) of the Tennessee Rules of Appellate Procedure provides as follows: "A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof." Tenn. R. App. P. 4(d). The problem here is that there never was a notice of appeal filed in this Court until July 2019. The "premature" filing Mr. Harper evidently relies on was filed with the Clerk of the Circuit Court, not with the Clerk of this Court,[2] a point underscored by the filing itself, which requested that the Circuit Court order Mr. Harper's notice of appeal to be filed if the motion to alter or

---

[2] After the filing of Mr. Harper's July 12, 2019 notice of appeal in this Court, we received a copy of the "premature" notice of appeal that had been filed in the Circuit Court.

amend was denied. Under our rules of appellate procedure, the notice of appeal must be filed with the Clerk of this Court. *See* Tenn. R. App. P. 4(a) ("In an appeal as of right to the . . . Court of Appeals . . . the notice of appeal . . . shall be filed with the clerk of the appellate court."). Although a notice of appeal was ultimately filed with this Court, it was not timely. Accordingly, we hereby dismiss the appeal for lack of subject matter jurisdiction.

 

 

_____
ARNOLD B. GOLDIN, JUDGE