# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 16, 2013 Session

## RUBY HAILEY, As Administrator of the Estate of Beatrice Jackson v. WESLEY OF THE SOUTH, INC., d/ba WESLEY at DYERSBURG

**Direct Appeal from the Circuit Court for Dyer County**
**No. 2009-CV-81      Lee Moore, Judge**

---

**No. W2012-01629-COA-R3-CV - Filed November 19, 2013**

---

Plaintiff's Complaint was dismissed for failure to comply with the requirements of the Medical Malpractice Act. The trial court denied Plaintiff's second Motion to Alter or Amend, and Plaintiff appealed to this Court. We dismissed the appeal for lack of subject matter jurisdiction due to Plaintiff's failure to timely file an appropriate notice of appeal. Plaintiff then filed a third Motion to Alter or Amend in the trial court, which the trial court dismissed for lack of subject matter jurisdiction. Plaintiff filed a second appeal to this Court. We dismiss the appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3; Appeal as of Right; Appeal Dismissed and Case Remanded to the Trial Court**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Paul J. Springer, Memphis, Tennessee, for the appellant, Ruby Hailey, As Administrator of the Estate of Beatrice Jackson

Craig C. Conley, Julia Kavanagh, Memphis, Tennessee, Christy Tosh Crider, Nashville, Tennessee, for the appellee, Wesley of the South, Inc.

## OPINION

## I. FACTS & PROCEDURAL HISTORY

On June 17, 2009, Bennie Jackson, Fred Jackson, Ruby Hailey, Joann Mathis, Dorothy Johnson, Marvis Jackson and Charles Jackson (collectively "Plaintiffs") filed a Complaint in the Dyer County Circuit Court against Wesley Nursing Care at Dyersburg, a nursing home facility, Brenda Hardin as the Chief Administrator, Jane Doe Certified Nursing Assistant, Jane Doe Registered Nurse, and Jane Doe Physician.[1] The Complaint purportedly asserted claims for wrongful death, medical negligence, negligence, intentional infliction of emotional distress and negligent infliction of emotional distress stemming from the care and treatment of decedent, Beatrice Jackson.

On August 4, 2009, Wesley of the South, Inc. d/b/a Wesley at Dyersburg ("Wesley") filed a Tennessee Rule of Civil Procedure 12.02(6) Motion to Dismiss arguing that Plaintiffs' Complaint was barred by the one-year statute of limitations because decedent Jackson was discharged from Wesley on June 16, 2008, and Plaintiffs' Complaint was not filed until June 17, 2009. On October 2, 2009, the circuit court denied Wesley's Motion to Dismiss.

On December 4, 2009, Wesley filed a second Motion to Dismiss citing Plaintiffs' failure to file a Certificate of Good Faith within ninety days of the filing of their Complaint as then-required by Tennessee Code Annotated section 29-26-122.[2] A hearing was held on March 29, 2010, and, according to an April 22, 2010 Order, Wesley's Motion to Dismiss was "taken under advisement to give the plaintiff one week to file a response setting out how failure to file the certificate was due to a failure of the defendant to timely produce records." On April 5, 2010, plaintiff Ruby Hailey as Personal Representative for the estate of Beatrice Jackson ("Plaintiff") filed a "Motion for Extension," moving the court for an order allowing her to file a Certificate of Good Faith. In her motion, Plaintiff claimed that the untimely filing was the result of Defendants' delay in providing medical records, Defendants' then-production of voluminous records, and the expert's "workload and other obligations[.]"

On April 22, 2010, the circuit court entered an "Order Granting Defendant's Motion to Dismiss" finding "no adequate basis for failure of the plaintiff to comply with [the

---

[1]On March 29, 2010, Plaintiffs amended their Complaint to name "Ruby Hailey as Personal Representative for the estate of Beatrice Jackson" as the plaintiff and to identify the defendants as "Wesley of the South, Inc. d/b/a Wesley at Dyersburg, Pankaj Srivastav[a], Physician."

[2]Tennessee Code Annotated section 29-26-122 was amended, effective July 1, 2009, to require the contemporaneous filing of a Certificate of Good Faith with the filing of a healthcare liability action in which expert testimony is required.

Certificate of Good Faith Requirement]." The court noted that "[t]he medical records of the defendant could have been obtained by plaintiff or plaintiff's counsel months before they were obtained had plaintiff properly requested the records with the appropriate authorization. However, even after the records were served on plaintiff['s] counsel, there was no certificate of good faith filed even by the date of the hearing on March 29, 2010." The trial court found that "all claims for damages arise from charges of medical malpractice[,]" and, therefore, that without a timely-filed Certificate of Good Faith, the case should be dismissed.

On May 21, 2010, Plaintiff filed a Motion to Alter or Amend claiming that the trial court had erred in concluding that all of her claims were for medical malpractice and alleging that she had "retrieved emails and other evidence, which substantiates the claims made in her Response to the failure to file Certificate of Good Faith in the medical malpractice allegations." That same day, Plaintiff filed a Notice of Appeal to this Court.[3]

Plaintiff's Motion to Alter or Amend was heard on July 19, 2010. The trial court denied the motion regarding the untimeliness of the Certificate of Good Faith, but it took under advisement the issue of whether all claims asserted in the Complaint were governed by the Medical Malpractice Act, and it instructed the parties to "promptly file a short memorandum of their positions in t[he] matter." Wesley filed a Supplemental Memorandum on August 3, 2010, but as of August 11, 2010, Plaintiff had filed no memorandum. On August 12, 2010, the trial court entered a "Memorandum Opinion and Order Denying Motion of Plaintiff[] to Alt[e]r or Amend" specifically finding that "[a]ll of the allegations bear a substantial relationship to the medical treatment of Ms. Jackson" and therefore, "the medical malpractice statute is applicable[.]"

On August 23, 2010, a conference call was held between the trial court judge and the attorneys. Plaintiff's counsel expressed concern that the trial court had denied the Motion to Alter or Amend before Plaintiff filed her memorandum, which Plaintiff's counsel claimed would contain authority which would convince the court to grant the motion. The trial court instructed Plaintiff's counsel to immediately file a second motion along with the claimed convincing authority. On August 30, 2010, Plaintiff filed a Second Motion to Alter or Amend, again arguing that the Complaint asserted allegations not governed by the Medical Malpractice Act. Also on August 30, 2010, Plaintiff filed a Second Amended Complaint,

---

[3]"A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof." **Tenn. R. App. P. 4(d)**. Plaintiff's premature Notice of Appeal did not deprive the trial court of jurisdiction to consider her first Motion to Alter or Amend. *See Waters v. Ray*, No. M2006-01453-COA-R3-CV, 2008 WL 2557360, *2 (Tenn. Ct. App. June 25, 2008) (holding that the trial court retained jurisdiction over the plaintiff's motion to alter or amend despite his premature filing of a notice of appeal).

without leave to do so, attempting to assert new claims of negligence per se and violation of the Tennessee Adult Protection Act, Tennessee Code Annotated section 71-6-120.

On September 8, 2010, after reviewing Plaintiff's Second Motion to Alter or Amend and her Response to Wesley's Supplemental Memorandum, the trial court entered an "Order Denying Plaintiffs' [Second] Motion to Alter or Amend." The trial court found that Plaintiff's Second Motion to Alter or Amend simply attempted to "reargu[e] some of the issues already argued and ruled on in the order filed on April 22, 2010[,]" and that it "cite[d] no new authority other than to mention the Tennessee Adult Protection Act" which was not cited in the Complaint.

On June 14, 2011, this Court entered an Order directing Plaintiff to show cause as to why her appeal should not be dismissed for failure to timely file a Notice of Appeal. Specifically, we noted that we had been advised by the trial court clerk that the Notice of Appeal appeared to have been received by the trial court clerk by facsimile on or about May 21, 2010, and that there was no original Notice of Appeal contained within the trial court's records. We recited Rule 5A.02 of the Tennessee Rules of Civil Procedure, which provides:

(4) The following documents shall not be filed in the trial court by facsimile transmission:

(a) Any pleading or similar document for which a filing fee and/or litigation tax must be paid (excluding the facsimile service charge), including, without limitation, a complaint commencing a civil action, an appeal from the general sessions court to the circuit court, and an appeal to a trial court from an inferior tribunal, board or officer;
(b) A summons;
(c) A will or codicil to a will; a bond; or any pleading or document requiring an official seal;
(d) A confidential document that the court previously has ordered to be filed under seal;
(e) A notice of appeal.

Plaintiff responded by indicating that the Notice of Appeal was faxed to the trial court on May 21, 2010 and that the original document was mailed to the clerk's office and was subsequently file stamped for May 21, 2010. Plaintiff submitted that "[w]hile the fax-filed Notice of Appeal did not perfect the appeal, the mailing of and filing of the original Notice, prior to the entry of the August 12, 2010 order denying Plaintiff's Motion to Alter or Amend Notice of Appeal [sic] did perfect the appeal." However, because Plaintiff provided no proof

that the Notice of Appeal was mailed to the trial court clerk for filing, we found that Plaintiff had failed to properly file a Notice of Appeal in the matter, and we dismissed the appeal for lack of jurisdiction in an August 11, 2011 Order. On August 30, 2011, we denied Plaintiff's Petition for Rehearing.

After our dismissal of Plaintiff's appeal, Plaintiff filed a third Motion to Alter or Amend in the trial court on December 15, 2011, again arguing, based upon purported new authority, that she had asserted claims not subject to the Medical Malpractice Act. Wesley responded by claiming that Plaintiff had failed to serve it with the third motion and by arguing that the trial court lacked jurisdiction to consider the motion based upon the trial court's April 22, 2010 dismissal of the case and this Court's August 11, 2011 dismissal of Plaintiff's appeal. On May 9, 2012, the trial court entered an "Order Denying Plaintiffs' [Third] Motion to Alter or Amend," determining that "[o]nce this case was appealed to the Court of Appeals, this Court lost any jurisdiction to hear anything further in this case without a remand by the Court of Appeals." On June 8, 2012, Plaintiff filed a second Notice of Appeal to this Court.

## II.  ISSUES PRESENTED

Appellant presents the following issue for review, as summarized:

1.  Whether the trial court possessed jurisdiction to consider Plaintiff's motion to alter or amend.

Additionally, Appellee presents the following issues for review, as summarized:

1.  Whether this Court possesses jurisdiction to consider this appeal;

2.  Whether Plaintiff's motion to alter or amend should have been denied; and

3.  Whether Appellee should be awarded costs and expenses pursuant to Tennessee Code Annotated section 27-1-122.

For the following reasons, we dismiss the appeal for lack of subject matter jurisdiction.

## III. DISCUSSION

### *A. Jurisdiction*

As stated above, the trial court dismissed Plaintiff's third Motion to Alter or Amend for lack of subject matter jurisdiction. On appeal, Wesley contends not only that the trial court lacked jurisdiction, but also that this Court lacks jurisdiction to entertain Plaintiff's appeal. We address jurisdiction below.

"Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." **Meighan v. U.S. Sprint Commc'ns Co.**, 924 S.W.2d 632, 639 (Tenn. 1996) (citing *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994)). The Tennessee Rules of Appellate Procedure provide that "[i]n civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right." **Tenn. R. App. P. 3(a)**. A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." **State ex rel. McAllister v. Goode**, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. **See Bayberry Assocs. v. Jones**, 783 S.W.2d 553, 559 (Tenn. 1990).

"Appeals as of right are initiated by filing a notice of appeal with the clerk of the trial court." **Albert v. Frye**, 145 S.W.3d 526, 528(Tenn. 2004) (citing Tenn. R. App. P. 3(e)). "The notice of appeal must 'be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from.'" **Id.** (quoting Tenn R. App. P. 4(a)). The thirty-day appeal period is "mandatory and jurisdictional in civil cases." **Id.** (citing *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003)).

In her appellate brief, Plaintiff suggests that no final judgment exists in this case because, according to Plaintiff, the claims against Dr. Pankaj Srivastava have not yet been resolved.[4] However, this Court has previously found that a final judgment exists in this case. In a June 14, 2011 Order, we stated, "The Court is now of the opinion . . . that the trial court's order of April 22, 2010, adjudicated all of the remaining claims and parties by

---

[4]Plaintiff raises this argument in support of her position that the trial court possessed subject matter jurisdiction to consider her third Motion to Alter or Amend. Plaintiff does not argue that the lack of a final judgment deprives this Court of subject matter jurisdiction. Of course, however, this Court may address issues regarding its subject matter jurisdiction *sua sponte*, *U.S. Bank, N.A. v. Tenn. Farmers Mut. Ins. Co.*, No. W2012-00053-COA-R3-CV, 2012 WL 5985097 (Tenn. Ct. App. Nov. 29, 2012), and "a[n] order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right." **Adams v. Adams**, No. M2013-00577-COA-R3-CV, 2013 WL 5302500, at *1 (Tenn. Ct. App. Sept. 17, 2013) (citing Tenn. R. App. P. 3(a)).

dismissing the entire case and assessing costs to Appellant." We conclude, therefore, that a final judgment is not lacking so as to deprive this Court of subject matter jurisdiction.

In its appellate brief, Wesley contends that this Court lacks jurisdiction over Plaintiff's second appeal arguing that "the matter was concluded upon dismissal of the first appeal and the trial court never regained jurisdiction to consider any further aspect of the case. Therefore, this Court has no jurisdiction to consider this second, procedurally improper appeal." We agree, on different grounds, that this Court lacks jurisdiction to consider Plaintiff's appeal.

"The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal." ***Ball v. McDowell***, 288 S.W.3d 833, 836 (Tenn. 2009) (citing Tenn. R. Civ. P. 59.02; Tenn R. App. P. 4(a)-(b)). A *timely-filed* motion to alter or amend "will toll commencement of the thirty-day period for filing a notice of appeal until the trial court enters an order granting or denying the motion." ***Id.*** (citing Tenn. R. App. 4(b); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003)) (emphasis added). "If a post-trial motion is not timely, the trial court lacks jurisdiction to rule on the motion." ***Id.*** (citing *Binkley*, 117 S.W.3d at 255). "Similarly, if the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal." ***Id.*** (citing Tenn. R. App. P. 2; *Binkley*, 117 S.W.3d at 255).

To consider the timeliness of Plaintiff's December 15, 2011 third Motion to Alter or Amend, we must determine which judgment in this case constitutes the final judgment. Again, a final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." ***State ex rel. McAllister v. Goode***, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). When successive judgments are entered which meet the requirements of a final judgment, the court must focus on the substantive rights affected by each judgment. ***Ball***, 288 S.W.3d at 837. That is, "we must focus on whether the second judgment affected any of the parties' substantive rights and obligations settled by the first judgment." ***Id.***

A brief recap of the pertinent procedural history of this case is appropriate. On April 22, 2010 the trial court entered an "Order Granting Defendant's Motion to Dismiss." On May 21, 2010, Plaintiff filed her first Motion to Alter or Amend along with her first Notice of Appeal to this Court. On August 12, 2010, the trial court entered a "Memorandum Opinion and Order Denying [Plaintiff's first] Motion to Alter or Amend," but it then allowed Plaintiff to file a second motion. On August 30, 2010, Plaintiff filed her second Motion to Alter or Amend, which the trial court denied in a September 8, 2010 "Order Denying Plaintiff's [second] Motion to Alter or Amend." On August 11, 2011, this Court dismissed

Plaintiff's appeal for failure to appropriately file a notice of appeal. Plaintiff then filed a third Motion to Alter or Amend on December 15, 2011, which the trial court denied on May 9, 2012. Plaintiff filed a second Notice of Appeal to this Court on June 8, 2012.

The operative judgment in this case is the trial court's April 22, 2010 "Order Granting Defendant's Motion to Dismiss." Plaintiff timely filed her first Motion to Alter or Amend, and, although successive Rule 59 motions are not typically allowed, *See Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004), the trial court allowed the filing of Plaintiff's second Motion to Amend so that it could consider authority purported to support Plaintiff's position.[5] Plaintiff's third Motion to Alter or Amend, however, did not timely follow an order affecting Plaintiff's substantive rights; therefore, the third motion constituted an impermissible successive Rule 59 motion which was ineffective to toll the thirty-day appeal period. *See Parks v. Mid-Atlantic Finance Co., Inc.*, 343 S.W.3d 792, 799 (Tenn. Ct. App. 2011) ("Because Rule 59 motions delay appeals and finality, successive Rule 59 motions are not allowed.").

The time for filing a motion to alter or amend commenced upon entry of the April 22, 2010 "Order Granting Defendant's Motion to Dismiss" subject to the trial court's extension for the filing of a second motion. Plaintiff's third Motion to Alter or Amend the April 22, 2010 Order, however, was not filed within thirty days of April 22, 2010–or any judicial extension thereof–and in fact, it was filed much later on December 15, 2011. Because Plaintiff's third Motion to Alter or Amend was not timely, the trial court lacked jurisdiction to rule on the motion. *See Ball*, 288 S.W.3d at 837 (concluding that the trial court lacked jurisdiction to rule on an untimely motion to alter or amend). Moreover, because Plaintiff's third Motion to Alter or Amend was both untimely and inappropriate, its filing did not extend the period in which Plaintiff could seek an appeal to this Court. Because Plaintiff's second Notice of Appeal was not filed within thirty days of a timely Motion to Alter or Amend–or within thirty days of the April 22, 2010 Order, itself–this Court lacks jurisdiction to consider Plaintiff's claims on appeal. *See Ball*, 288 S.W.3d at 237 ("The Court of Appeals similarly lacked jurisdiction because Defendants' notice of appeal was filed within thirty days of the denial of the untimely motion to alter or amend and not within thirty days of the first judgment."). This appeal is dismissed.

---

[5]The parties do not challenge the trial court's extension. Although we may raise the issue of subject matter jurisdiction *sua sponte*, based upon our dismissal of the first appeal on other grounds and our resolution of the issues presented in this appeal, we find it unnecessary to address the propriety of the second Motion to Alter or Amend.

### B. *Attorney Fees*

As noted above, Wesley contends that this appeal is frivolous and, therefore, that it should be awarded its costs and expenses, including attorney fees, on appeal. Plaintiffs have filed no reply brief in response to Wesley's request. Tennessee Code Annotated section 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

A frivolous appeal is one that is devoid of merit or has little prospect for success. ***Robinson v. Currey,*** 153 S.W.3d 32, 42 (Tenn. Ct. App. 2004). The decision to award damages for the filing of a frivolous appeal rests solely in the discretion of this Court. ***Whalum v. Marshall****,* 224 S.W.3d 169, 180-81 (Tenn. Ct. App. 2006) (citing *Banks v. St. Francis Hosp.,* 697 S.W.2d 340, 343 (Tenn. 1985)). We exercise our discretion under this statute sparingly so as not to discourage legitimate appeals. ***Id.*** However, we are also mindful that "[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals." ***Id.*** at 181 (quoting *Davis v. Gulf Ins. Group,* 546 S.W.2d 583, 586 (Tenn. 1977)). Because Plaintiff's appeal had "no reasonable chance of success," *see Whalum*, 224 S.W.3d at 180-81, we find it equitable to award Wesley its costs and expenses, including attorney fees, incurred on appeal. The matter is remanded to the trial court for a determination of the amount of the fees and expenses.

### IV. CONCLUSION

This appeal is dismissed for lack of subject matter jurisdiction. The matter is remanded to the trial court for a determination of the fees and expenses incurred by Wesley. Costs of this appeal are taxed to Appellant, Ruby Hailey, as Administrator of the Estate of Beatrice Jackson, and her surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.