# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 4, 2024

## WAYNE C. LANCE v. CITY OF MANCHESTER, ET AL.

**Appeal from the Circuit Court for Coffee County**
**No. 2022-CV-48012          Robert Thomas Carter, Judge**

_____

### No. M2023-01268-COA-R3-CV
_____

The plaintiff, who is pro se, filed an inverse condemnation action against a city, county, and related governmental entities, alleging that the defendants constructed and operated an outdoor event venue on property partly owned by him without his knowledge or consent. The trial court denied the plaintiff's request for a change in venue.  The court ultimately granted summary judgment to the defendants for two reasons.  First, it concluded that the plaintiff's claims were barred by the statute of limitations set forth in Tennessee Code Annotated section 29-16-124.  Second, the trial court found that the defendants affirmatively negated an essential element of the plaintiff's claim for inverse condemnation – that his property suffered a decrease in value – and therefore summary judgment was appropriate on that basis as well.  The plaintiff filed a post-judgment motion, asking the trial court to consider the impact of a recent decision of the United States Supreme Court. After a hearing, the trial court denied the post-judgment motion.  The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and JEFFREY USMAN, JJ., joined.

Wayne C. Lance, Louisville, Tennessee, pro se.

C. Brent Keeton, Manchester, Tennessee, for the appellees, Manchester Public Building Authority and Coffee County Public Building Authority.

L. Craig Johnson, Manchester, Tennessee, for the appellee, City of Manchester, Tennessee.
Edward H. North, III, Manchester, Tennessee, for the appellee, Coffee County, Tennessee.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Plaintiff Wayne C. Lance filed a complaint in chancery court against the City of Manchester, Tennessee; Coffee County, Tennessee; the Manchester Public Building Authority; and the Coffee County Public Building Authority. His *pro se* complaint characterized the action as one "for breach of each of Constitution of United States and Constitution Taking Clause and breach of Tennessee Taking Clause by the Taking of Wayne C. Lance's real property without compensation, an inverse condemnation action." Mr. Lance asserted that the property giving rise to his "Inverse Taking and Criminal Trespassing Complaint" was located in Coffee County, Tennessee, and therefore, the chancery court of Coffee County was the proper venue and had jurisdiction over the matter. According to the complaint, Mr. Lance was a resident of Blount County, Tennessee, and he visited the real property at issue in January 2021 "for the first time in 20 years." Upon visiting the property, Mr. Lance allegedly discovered that improvements had been constructed on the property in the form of an outdoor multipurpose event venue. According to the complaint, Mr. Lance had an "undivided, joint tenant ownership" interest in the property and "owned one-third of the real estate," but he had no knowledge of the construction of the improvement until his visit in January 2021. Mr. Lance's complaint alleged that the venue had been rented "over several years," according to local media reports, and yet he had never been offered any compensation for the commercial use of his land, nor had he been "compensated for inverse condemnation." He asserted that the property value had decreased because use as an outdoor venue was "not the highest and best use of the property," but at the same time, he also alleged that the structure "adds value to the real estate." Mr. Lance contended that he was entitled to recover pursuant to "Tennessee's inverse condemnation statute, Tennessee Code Annotated section 29-16-123," and the federal and state constitutions. He sought a judgment for the "value of his land and improvements thereon and damages, including but not limited to punitive damages and compensatory damages," one-third of the revenues collected from the commercial enterprise, and one-third of the increased revenues from a nearby conference center.

The defendants filed answers. Mr. Lance filed a motion for a change of venue on the basis that the attorney for the City of Manchester had "undue influence" on the legal community and the taxpayers in Coffee County and had recently made untruthful public statements about this matter. Mr. Lance argued that these statements had "influenced the Coffee County jury pool," and therefore, he could not get "a fair jury trial" in Coffee County. The County and the Public Building Authority defendants filed responses, asserting that venue was proper in Coffee County because it was the situs of the real property at issue in this litigation. The chancery court held a hearing on the motion, but the record does not contain a transcript of the hearing. The order entered by the court thereafter states that Mr. Lance stated in open court that he withdrew his motion to change

venue and therefore venue would remain in Coffee County. However, the order also states that an issue arose as to whether the case should be transferred to circuit court due to allegations that could implicate governmental tort liability. As such, the chancery court ruled that "venue in this matter is proper in Coffee County," but it transferred the matter to circuit court.

In circuit court, Mr. Lance filed a motion for summary judgment, asserting that he was entitled to a declaratory judgment that the defendants had taken his property and that he was entitled to compensation to be determined by a jury. Mr. Lance subsequently filed another motion for a change of venue. He contended that the attorney for the City of Manchester had recently been elected to a judgeship in Coffee County and now had more influence in the legal community and with taxpayers. The Public Building Authority defendants filed a response in opposition to the motion to change venue, arguing that there would likely be a new city attorney by the time of trial, so the newly elected judge would no longer be involved in this matter. The County filed a separate response, also suggesting that the newly elected sessions judge who had served as city attorney was not likely to try this case. The County also contended that the issue of venue had already been addressed and that the chancery court had determined Coffee County to be the appropriate venue. The record does not contain an order resolving this motion for a change in venue, but a few months after it was filed, Mr. Lance filed a motion requesting that the circuit court schedule this matter for trial. His motion contained a certificate of service listing a different attorney for the City of Manchester, rather than the newly elected judge. Several months later, however, Mr. Lance filed a "Motion to Reconsider Change of Venue [or] in the Alternative Motion to Set Trial Date." This motion simply requested that the circuit court "change the trial and motion venues in this case because Lance cannot get a fair jury trial in Coffee County, TN; or, in the alternative, motion to set trial date."

The two Public Building Authority defendants then filed a motion for summary judgment. They suggested that Mr. Lance's pro se complaint asserted claims for inverse condemnation pursuant to Tennessee Code Annotated section 29-16-123 and "what is believed to be a trespass claim." They argued that Mr. Lance's claims were time-barred according to Tennessee Code Annotated section 29-16-124, which provides:

> All actions that could be brought under § 29-16-123(a), regardless of the cause of action or remedy sought, including actions for trespass or nuisance, shall be commenced within twelve (12) months after the land has been actually taken possession of, and the work of the proposed internal improvement begun; saving, however, to unknown owners and nonresidents, twelve (12) months after actual knowledge of such occupation, not exceeding three (3) years, and saving to persons under the disabilities of infancy and unsoundness of mind, twelve (12) months after such disability is removed, but not exceeding ten (10) years.

Tenn. Code Ann. § 29-16-124. The Public Building Authority defendants supported their motion with an affidavit from the general manager of the outdoor venue, who stated that construction work was performed at the venue between August 2017 and May 2018, and the venue was fully operational and open for rental by November 2018. The Public Building Authority defendants argued that the complaint filed by Mr. Lance in December 2021 was time-barred because section 29-16-124 provides that suit "shall be commenced within twelve (12) months after the land has been actually taken possession of, and the work of the proposed internal improvement begun[.]" Various other documents were attached in support of the motion, including construction invoices and the building permit.

The Public Building Authority defendants also filed a response to the motion for summary judgment filed by Mr. Lance, arguing that his inverse condemnation claim must fail because he could not show the essential element of a loss of market value of the property.[1] They noted that Mr. Lance had alleged an *increase* in value. They also claimed that Mr. Lance's deposition testimony confirmed his belief that the property had significantly increased in value.

The County and the City filed separate motions in support of the motion for summary judgment filed by the Public Building Authority defendants. Mr. Lance filed a response in opposition to the motion for summary judgment, claiming that his complaint should be deemed timely pursuant to the latter part of section 29-16-124, which states: "to unknown owners and nonresidents, twelve (12) months after actual knowledge of such occupation." Mr. Lance claimed that he qualified as a "nonresident" because he resided in Blount County, Tennessee, rather than Coffee County. Thus, Mr. Lance contended that his complaint was timely because it was filed within one year of his discovery of the structure in January 2021.

After a hearing, the circuit court entered an order granting summary judgment to all defendants. We do not have a transcript of the hearing in the record, although Mr. Lance filed a statement of the evidence reflecting the arguments that were made. According to the trial court's order, the hearing was held as to the cross motions for summary judgment, but Mr. Lance orally withdrew his own motion for summary judgment. As for the defendants' motion, the circuit court found no genuine issue of material fact and that the defendants were entitled to judgment as a matter of law. After setting forth the relevant timeline of events regarding construction of the venue, the circuit court found that Mr.

---

[1] The Public Building Authority defendants relied on the following language from *Peterson v. Putnam Cnty.*, No. M2005-02222-COA-R3-CV, 2006 WL 3007516, at *4 (Tenn. Ct. App. Oct. 19, 2006):

> To set forth a prima facie case for inverse condemnation, a plaintiff must allege the following elements: (1) "a direct and substantial interference with the beneficial use and enjoyment of the property at issue"; (2) "[t]he interference must be repeated and not just occasional"; and (3) "the interference must peculiarly affect the property at issue and result in a loss of market value." *Jackson v. Metro. Knoxville Airport Auth.*, 922 S.W.2d 860, 865 (Tenn. 1996).

Lance's claims were time-barred pursuant to Tennessee Code Annotated section 29-16-124. It found that the latter part of the statute regarding nonresidents was inapplicable to Mr. Lance because he was a resident of Blount County, Tennessee, and the court interpreted "nonresident" to mean a nonresident of this State. Alternatively, the trial court found that summary judgment was appropriate because the defendants "affirmatively negated an essential element of the nonmoving part[y]'s claim, i.e., that the Plaintiff Wayne Lance has suffered decrease in value to his property." The trial court found that Mr. Lance claimed "an increase and not a decrease" in the value of the property. In the absence of this essential element, the circuit court found that Mr. Lance's claim for inverse condemnation "cannot proceed as matter of law," and summary judgment was appropriate "on that basis as well." Thus, the circuit court granted summary judgment to the defendants on two alternative bases: (1) Mr. Lance could not proceed on his inverse condemnation or trespass claims because they were time-barred; and (2) there was no proof of a decrease in value of the property, which was an essential element of a claim for inverse condemnation. The circuit court's summary judgment order was entered on June 6, 2023.

On June 12, 2023, Mr. Lance filed a "Motion to Dismiss Motion for Summary Judgment." He acknowledged that the trial court had announced its oral ruling dismissing the case at the summary judgment hearing in April, but Mr. Lance insisted that a decision issued by the United States Supreme Court in May 2023, before the entry of the circuit court's written order, impacted the circuit court's ruling. Specifically, Mr. Lance cited *Tyler v. Hennepin County, Minnesota*, 598 U.S. 631 (2023), which, he claimed, addressed attempts by states to "sidestep the Takings Clause." Mr. Lance contended that the circuit court's order dismissing his case as untimely pursuant to a state statute, Tennessee Code Annotated section 29-16-124, would in effect "sidestep the Takings Clause" in violation of *Tyler*. In response, the Public Building Authority defendants argued that there was no legal authority for Mr. Lance's "Motion to Dismiss Motion for Summary Judgment," and therefore, the summary judgment order had become final in the absence of the filing of a notice of appeal. Alternatively, they argued that the *Tyler* decision was not applicable to the statute of limitations issue before the circuit court or the prima facie elements of a claim for inverse condemnation. After a hearing, the circuit court entered an order on August 4, 2023, denying Mr. Lance's motion on the basis that it was not well taken. Mr. Lance then filed a notice of appeal to this Court on September 5, 2023.

## II.  ISSUES PRESENTED

Mr. Lance's pro se brief on appeal is a bit difficult to follow, so we quote the following issues he lists in his brief:

1. Did the Circuit Court err in dismissing Wayne Lance vs. City of Manchester, et. al., using the singular authority of T.C.A. 29-16-124:

   All actions ... shall commence within twelve (12) months after the

- 5 -

land has been actually taken possession of, and the work of the proposed internal improvements begun: ....

by using a state statute to "side step the 5th Amendment" is in tension with Tyler.

    A.  Whether the trial Circuit Court erred by den[y]ing Plaintiff a change of venue.[2]

In their posture as appellees, the defendants present the following two additional issues:

1.      Whether or not the trial court correctly found that there was no loss of market value presented by the Appellant for his inverse condemnation claim and that the Appellant could not proceed on his inverse condemnation claim because he could not meet an essential element for the inverse condemnation claim.

2.      Whether or not the Appellant Failed To File His Notice Of Appeal Within Thirty (30) Days of the Entry Final Order Of June 6, 2023, thereby barring his appeal as untimely.

For the following reasons, we affirm the decision of the circuit court.

### III.   DISCUSSION

### A.   *Timeliness of the Notice of Appeal*

We begin with the issue raised by the defendants regarding the timeliness of Mr. Lance's notice of appeal because it implicates the subject matter jurisdiction of this Court. The defendants argue that Mr. Lance's failure to file his notice of appeal within thirty days of the trial court's summary judgment order is fatal, and therefore, this appeal must be dismissed. However, Mr. Lance characterizes his post-judgment motion as "a Rule 59 motion" asking the circuit court to consider the implication of the recent *Tyler* decision on its ruling.

"[C]ertain post-trial motions, such as a motion to alter or amend pursuant to Tennessee Rule of Civil Procedure 59.04, if timely filed, toll commencement of the thirty-day period [for filing a notice of appeal] until an order granting or denying the motion is entered." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004) (citing Tenn. R. App. P. 4(b); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003)). However, "courts must consider the substance of a motion in determining whether it is in fact one of the specified post-trial motions which toll commencement of the time." *Tenn. Farmers Mut. Ins. Co. v. Farmer*,

---

[2] Mr. Lance's brief does not mention his trespass claim.

970 S.W.2d 453, 455 (Tenn. 1998). Notably, at this point, the issue is not whether the trial court correctly *denied* the motion but instead whether the motion "was one recognized under Rule 59." *U.S. Bank, N.A. v. Tenn. Farmers Mut. Ins. Co.*, 410 S.W.3d 820, 826 (Tenn. Ct. App. 2012). We "'must parse through the body of the motion to determine whether it requests the sort of relief available'" through a motion to alter or amend. *Stokely v. Stokely*, No. E2017-00433-COA-R3-CV, 2018 WL 485998, at *4 (Tenn. Ct. App. Jan. 19, 2018) (quoting *Goetz v. Autin*, No. W2015-00063-COA-R3-CV, 2016 WL 537818, at *4-5 (Tenn. Ct. App. Feb. 10, 2016)). "A motion to alter or amend should 'be granted when the controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice.'" *U.S. Bank*, 410 S.W.3d at 826 n.2 (quoting *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005)). "The purpose of a Rule 59.04 motion to alter or amend a judgment is to provide the trial court with an opportunity to correct errors before the judgment becomes final." *In re M.L.D.*, 182 S.W.3d at 895. A Rule 59 motion "permits the trial court to revisit and rectify errors that were made when the court overlooked or failed to consider certain matters." *Clear Water Partners, LLC v. Benson*, No. E2016-00442-COA-R3-CV, 2017 WL 376391, at *12 (Tenn. Ct. App. Jan. 26, 2017) (quoting *Baxter v. Heritage Bank & Trust*, No. M2012-02689-COA-R3-CV, 2014 WL 1118072, at *3 (Tenn. Ct. App. March 19, 2014)).

Here, Mr. Lance's post-judgment motion asked the trial court to consider the implications of a recent decision from the United States Supreme Court that was issued after the trial court's oral ruling but prior to entry of its written order. Thus, Mr. Lance essentially argued that the controlling law had changed. Right or wrong, this was the type of motion that tolled the time for filing a notice of appeal. Therefore, his notice of appeal was timely, and this Court has jurisdiction to consider the appeal.

### B.   Summary Judgment Ruling

The first issue Mr. Lance presents on appeal is whether the circuit court erred in dismissing his case "using the singular authority of T.C.A. 29-16-124 . . . by using a state statute to 'side step the 5th Amendment' is in tension with Tyler." Notably, this issue challenges the trial court's ruling based on the statute of limitations. However, Mr. Lance's brief does not discuss the trial court's alternative basis for granting summary judgment. The defendants' brief does. They argue on appeal that the trial court correctly granted summary judgment on the alternative ground that Mr. Lance's inverse condemnation claim must fail because the defendants affirmatively negated the essential element of a loss of market value.

It is clear that the trial court's summary judgment order was based on two alternative and independent grounds. *See Hatfield v. Allenbrooke Nursing & Rehab. Ctr., LLC*, No. W2017-00957-COA-R3-CV, 2018 WL 3740565, at *7 (Tenn. Ct. App. Aug. 6, 2018) (noting that an alternative holding is "one that (when properly applied to the facts of a

given case) would legally constitute a freestanding basis in support of the trial court's decision") (quotation omitted). "This court has previously confronted circumstances in which a trial court's ruling is supported by alternative independent bases but not all of those bases have been challenged on appeal." *Ramos v. Caldwell*, No. M2022-00222-COA-R3-CV, 2023 WL 1776243, at *3 (Tenn. Ct. App. Feb. 6, 2023). We have explained:

> [G]enerally, where a trial court provides more than one basis for its ruling, the appellant must appeal all the alternative grounds for the ruling. *See* 5 Am. Jur. 2d Appellate Review § 718 ("[W]here a separate and independent ground from the one appealed supports the judgment made below, and is not challenged on appeal, the appellate court must affirm."); *see also Tower Oaks Blvd., LLC v. Procida*, 219 Md. App. 376, 392, 100 A.3d 1255, 1265 (Md. 2014) ("The law of appellate review establishes that, '[w]hen a separate and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm.'") (citation omitted); *Prater v. State Farm Lloyds*, 217 S.W.3d 739, 740-41 (Tex. App. 2007) ("When a separate and independent ground that supports a ruling is not challenged on appeal, we must affirm the lower court's ruling."); *Johnson v. Commonwealth of Virginia*, 45 Va. App. 113, 116, 609 S.E.2d 58, 60 (Va. 2005) ("[W]e join the majority of jurisdictions holding that in 'situations in which there is one or more alternative holdings on an issue,' the appellant's 'failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'") (citation omitted).

*Id*. (quoting *Hatfield*, 2018 WL 3740565, at *7). In *Ramos*, for instance, the trial court denied a claim on two bases, but the appellant only challenged one of those on appeal. *Id.* at *1. We explained that "[t]he failure to challenge this independent alternative ground requires this court to affirm the trial court's ruling without considering the issue that was raised on appeal." *Id*. at *4. *See also Duckworth Pathology Group, Inc. v. Regional Medical Center at Memphis*, No. W2012-02607-COA-R3-CV, 2014 WL 1514602, at *11 (Tenn. Ct. App. Apr. 17, 2014) (affirming where an appellant's brief failed to mention the trial court's alternative rulings, "let alone seek their reversal").

We have also reached the same result in the context of a summary judgment ruling based on independent grounds. In *Lovelace v. Baptist Mem'l Hosp.-Memphis*, No. W2019-00453-COA-R3-CV, 2020 WL 260295, at *3 (Tenn. Ct. App. Jan. 16, 2020), the trial court's order contained "two independent bases for granting summary judgment." First, the trial court found an absence of "competent" expert proof of causation based on a nurse's qualifications. *Id*. Next, the trial court found that "even if" the nurse was competent, her testimony lacked proof as to causation. *Id*. We explained that the appellant "was required to appeal both grounds cited by the trial court, lest her challenge to the trial court's grant of summary judgment be waived." *Id*. (citing *Hatfield*, 2018 WL 3740565 at *7-8; *Duckworth*, 2014 WL 1514602 at *11). Upon review of the appellant's brief, we concluded

that "she only fairly raised the qualifications ground as an error on appeal." *Id.* at \*4. The other issue was not designated as an issue she presented on appeal or sufficiently argued within her brief. *Id.* As such, we concluded that the appellant "failed to properly challenge one of the two independent bases upon which the trial court granted summary judgment," and in the absence of a challenge to both grounds, her argument that summary judgment was inappropriate was waived. *Id.* at \*5. Specifically, we explained that "the trial court's decision on this matter must be affirmed without reaching the substantive merits of the grounds relied upon by the trial court." *Id.*

In sum, "'where a trial court provides more than one separate and independent ground for its judgment and a party fails to appeal one or more of the independent grounds, we must affirm the judgment of the trial court on the ground that was not challenged on appeal.'" *Koblitz v. State*, No. M2021-00282-COA-R3-CV, 2021 WL 5549586, at \*3 (Tenn. Ct. App. Nov. 29, 2021) (quoting *Buckley v. Elephant Sanctuary in Tennessee, Inc.*, No. M2020-00804-COA-R10-CV, 2021 WL 2450456, at \*12 (Tenn. Ct. App. June 16, 2021) *perm. app. denied* (Tenn. Oct. 14, 2021)). In challenging the summary judgment order, Mr. Lance confines his argument on appeal to the trial court's ruling on the statute of limitations but presents no argument regarding its separate ruling as to the essential elements of the claim, so we affirm the decision of the trial court.[3]

### *C.   Venue*

Finally, we note Mr. Lance's argument that the trial court erred in denying his request for a change in venue. Although we do not have a transcript of the hearing below, Mr. Lance states in his brief that the court denied his motion at the hearing. His brief on appeal states, "The subject real property lies in Coffee County, Tennessee and the case is property located in the Circuit Court of Coffee County, Tennessee. Plaintiff Lance has requested and been denied by order a change of venue. Lance has argued he cannot get a fair trial in Coffee County. Please see Conclusion herein below." His conclusion section states, "Siting the 5th and 7th Amendments Lance asked the honorable Circuit Court as its role as 'gate keeper' to change the venue and send the case for a jury trial as provided for by the 14th Amendment." He generally cites concerns about jurors from Coffee County being disinclined to award a verdict that might increase their taxes, in addition to "actions of the governments" indicating that he cannot receive a fair trial in Coffee County.

Mr. Lance does not cite to the appellate record in support of this argument, nor does he cite any additional legal authority to develop an argument in support of his issue regarding venue. As such, we deem the issue waived. *See Sneed v. Bd. of Pro. Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or

---

[3] In doing so, we do not assess the merits of the trial court's rulings as to either the application of the statute of limitations or the elements of Mr. Lance's constitutional claim.

appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."); *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) ("Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue."). We recognize that Mr. Lance is pro se, but "'courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.'" *Sykes v. Sykes*, 647 S.W.3d 596, 611 (Tenn. Ct. App. 2021) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)).

## IV. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is affirmed and remanded. Costs of this appeal are taxed to the appellant, Wayne C. Lance, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE